# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11114

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2014

Lyle W. Cayce
Clerk

MELVIN WIAND,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-1433

Before JONES, CLEMENT and PRADO, Circuit Judges.

PER CURIAM:*

Melvin Wiand, federal prisoner # 37221-177, has applied for leave to appeal in forma pauperis (IFP) from the district court's judgment granting the Government's motion to dismiss and/or for summary judgment and dismissing Wiand's civil action seeking return of property forfeited to the Government pursuant to the terms of his plea agreement. We construe Wiand's motion as a challenge to the district court's determination that his appeal has not been brought in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11114

Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

The district court erred, Wiand contends, in referring the case to the magistrate judge, in failing to give adequate reasons for adopting the magistrate judge's findings and conclusions, and in denying his request for leave to proceed IFP on appeal; he complains also that the magistrate judge was unfairly biased. These contentions are without merit. *See* 28 U.S.C. § 636(b); *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Wiand asserts that his property was seized in violation of his constitutional rights and that the disposal of his property undermined his defense. He was not complaining below of the illegality of the forfeiture, he contends, but of the illegality of the initial seizure. Because these contentions go to the legality of his conviction, it is apparent that Wiand is attempting to circumvent the statutory bar on successive 28 U.S.C. § 2255 motions. *See United States v. Wiand*, 535 F. App'x 332 (5th Cir.) (affirming dismissal of unauthorized and successive § 2255 motion asserting claims related to legality of suppression hearing because district court lacked jurisdiction), *cert. denied*, 134 S. Ct. 667 (2013).

Wiand raises no argument with respect to the magistrate judge's reliance on *Solis v. Pruit*, No. 99-40327, 2000 WL 423389, at 1 (5th Cir. Apr. 4, 2000) (unpublished), or with respect to the magistrate judge's determination that Wiand had waived the right to challenge the legality of the forfeiture proceedings in pleading guilty. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (unbriefed issues are waived).

IT IS ORDERED that leave to appeal IFP is DENIED because Wiand has failed to show that he will raise a nonfrivolous issue. The appeal is

No. 13-11114

DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 & n.24; *see also* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. §1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We CAUTION Wiand that if he accumulates three strikes under § 1915(g) he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).